UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

                                                 17-CV-03601 (AJN)

DEREK LAWSON, AS
THE ADMINISTRATOR OF THE
ESTATE OF DAVID LAWSON,

                                                 FIRST AMENDED
                                                 COMPLAINT
          Plaintiff,                         AND DEMAND FOR
                                                 A JURY TRIAL

        -against-

THE CITY OF NEW YORK, N.Y.C.
POLICE DETECTIVE SID CAESAR,
SHIELD #2062, SUED NDIVIDUALLY
AND IN HIS OFFICIAL CAPACITY,

                       Defendants.

----------------------------------------------------------X

1. This is an action for compensatory and punitive damages for violation of plaintiff's rights under the Fourth, Fifth Amendments and Fourteenth Amendment to the Constitution of the United States, and violation of New York State law, by reason of the unlawful acts of defendants.

## JURISDICTION

2.      This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under state law pursuant to 28 U.S.C. § 1367. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## **PARTIES**

3.     Plaintiff, the administrator of the estate of David Lawson, is a resident of Pennsylvania. David Lawson died August 14, 2017. (References to "Plaintiff" in the following paragraphs refer to David Lawson).

4.     At all times hereinafter mentioned, the Defendant Police Officers were employees of the New York City Police Department (HEREINAFTER REFERRED TO AS "N.Y.P.D.") acting within the scope and authority of their employment. They are being sued individually and in their official capacity as New York City Police Officers.

5. The Defendant CITY OF NEW YORK, (HEREINAFTER REFERRED TO AS "City"), was a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York, and as such maintained the New York City Police Department and employed the individual Defendants sued herein.

6. That upon information and belief the City was responsible for the training of its police officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the N.Y.P.D.

8. That at all times mentioned herein the Defendant, City, knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officer involved in the violation of civil rights of the Plaintiff.

## FACTS

9. On or about March 20, 2015, at approximately 4:50 P.M., plaintiff was walking near W. 125th Street and 8th Avenue, in Manhattan, New York.

10. Plaintiff had done nothing to justify his seizure by the defendant officer, nor the search by Detective Caesar.

11. Plaintiff was falsely accused by Detective Caesar of the possession of drugs with the intent to sell, falsely claiming that he had seen Plaintiff hand something to another individual who was also arrested.

12. Detective Caesar also falsely accused plaintiff of possessing crack cocaine.

13. Plaintiff did not give or appear to give any item to another individual at that time.

14. Plaintiff spent approximately 24 hours in custody before being arraigned, whereupon bail was set in the amount of $75,000.

15. Plaintiff was then indicted by a grand jury based upon the false accusations by Detective Caesar. Plaintiff was indicted for Possession of controlled substance with the intent to sell it.

16. Plaintiff was incarcerated on this case for approximately eight months before all charges were dismissed after the drugs were suppressed at a hearing held on or about November 4, 2015 by the Honorable Juan Merchan.

17. The Decision by Hon. Juan Merchan was rendered on November 5, 2015, due

to the fact that "the Court cannot credit the testimony of Det. Caesar as to material facts necessary t establish probable cause for Defendant's arrest."

18. Then, on or about January 24, 2016, all charges were formally dismissed.

19. Defendant City of New York has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent / incompetent police officers from their duties, including but not limited to the fact that Defendants City and/or N.Y.P.D. knew of the individual Defendant's tendencies to make unlawful arrests, unlawful seizures, and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

20. Defendant City knew or should have known prior to March 20, 2015 of the perpetration of unlawful arrests and other unlawful acts by the defendant, in that there were prior reports of such unlawful conduct by this specific officer.

21. Defendant City and N.Y.P.D., among other deficiencies, failed to institute a bona fide procedure in which Defendant City and/or N.Y.P.D. investigated the unlawful acts of Defendants or properly investigated reports of their alleged misconduct.

## CONDITIONS PRECEDENT

22. On March 14, 2016, a Notice of Claim was served upon the Defendant New York City, setting forth:

      a) The name and post office address of the Claimant and his attorney;
      b) The nature of the claim;
      c) The time when, the place where, and the manner in which the claim arose;
      d) The items of damages and injuries sustained so far as practicable.

23. The Notice of Claim was served upon the Defendant within 90 days after Plaintiff's cause of action accrued.

24. Plaintiff's 50-H deposition was conducted on April 17, 2017.

23. New York City and its Comptroller have failed, neglected and refused to pay, settle, compromise or adjust the claim of the Plaintiff herein.

24. This action has been commenced within one year and 90 days after Plaintiff's cause of action accrued.

25. Plaintiff has duly complied with all of the conditions precedent to the commencement of this cause of action, although 30 days have not elapsed since the 50-H, as the one year and 90 days since the dismissal is due to lapse and consequently plaintiff cannot wait any further to file this lawsuit.

### FOR A FIRST CAUSE OF ACTION FOR
### VIOLATION OF CIVIL RIGHTS
(VIOLATION OF RIGHT TO PRIVACY)

26. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

27. As a result of his actions, Defendant Sid Caesar, under "color of law", deprived plaintiff of his right to privacy by engaging in a seizure without probable cause to do so, in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

### FOR A SECOND CAUSE OF ACTION FOR
### VIOLATION OF CIVIL RIGHTS
(FEDERAL MALICIOUS PROSECUTION)

28. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as

if stated fully herein.

29. As a result of his actions. Defendant Sid Caesar, under "color of law", deprived plaintiff of his right to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

30. Det. Caesar falsely claimed that he saw Plaintiff hand an item to another individual and then falsely testified to that claim in the grand jury. He also falsely claimed to the grand jury that the defendant possessed crack cocaine, claiming that he recovered it from his pants pocket which was categorically untrue.

31. Due to the Detective's false testimony, plaintiff was indicted for two felonies, and he was incarcerated for approximately 8 months on these charges alone.

### THIRD CAUSE OF ACTION
### FOR VIOLATION OF CIVIL RIGHTS
### (MONELL CLAIM)

32. Plaintiff reiterates and realleges the facts stated in the preceding paragraphs as if stated fully herein.

33. Defendant City and N.Y.P.D., through The N.Y.C. Police Commissioner, as a municipal policymaker, in the hiring, training and supervision of the Defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain, and Plaintiffs, violating Plaintiffs' rights to freedom from deprivation of liberty without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. 1983.

34. As a direct and proximate result of the aforementioned policy and custom of

deliberate indifference of Defendants City and N.Y.P.D., Defendant officers committed the unlawful acts referred to above. Thus, Defendant City is liable for Plaintiffs injuries.

## FOURTH CAUSE OF ACTION FOR
## ABUSE OF PROCESS AND MALICIOUS PROSECUTION
(VIOLATIONS OF NEW YORK STATE LAW)

35. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

36. In instigating, ordering, validating, procuring and assisting in the arrest of Plaintiff, Defendant, acting within the scope of his employment, "under color of law", and on behalf of his employer, maliciously prosecuted Plaintiff without reasonable or probable cause and with full knowledge that the charges were false.

37. Detective falsely claimed that he saw Plaintiff exchange an item with another person, implying that he observed a drug transaction, and also falsely claimed that Plaintiff possessed crack cocaine at the time of his arrest.

38. It also appears that Detective Caesar may have also falsely claimed that he or another officer recovered drugs on the apprehended other, though it is believed that that person did not possess any drugs on that date.

39. As a result of said abuse of process and malicious prosecution, plaintiff was incarcerated for approximately 8 months, and was compelled to come to court. On or about on January 24, 2016, all charges were dismissed as the Court determined plaintiff's arrest was made without probable cause.

40. As a result of the aforesaid occurrence, Plaintiff was caused to and did suffer the damages and injuries aforesaid.

41. All Defendants are liable for said damages.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiffs' rights under state law, and violated Plaintiffs rights under the Fourth and Fourteenth Amendments to the Constitution of the United States and violated Plaintiffs rights under State law; and,

2. Enter a judgment, jointly and severally, against Defendant Caesar, and The City of New York for compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) Dollars; and,

3. Enter a judgment, jointly and severally against the Defendant officer for punitive damages in the amount of ONE MILLION ($1,000,000.00) Dollars; and,

4. Enter an Order:

a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

b) Granting such other and further relief which to the Court seems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
April 27, 2018

                                        /S/
                               STEVEN A. HOFFNER, ESQ.
                               Attorney for the Plaintiff
                               325 Broadway, Suite 505

New York, New York 10007
Tel:   (212) 941-8330
Fax:   (212) 941-8137
(SH-0585)

## **VERIFICATION**

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiffs in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiffs do not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.


Dated: New York, New York
       April 17, 2017

                                             /s/
                                    STEVEN A. HOFFNER, Esq.